## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
TERRY CHARLES POLITO
APRIL CAROLYN POLITO

**CHAPTER:** 13

**Debtor(s)**   **CASE NO.5**  20-02330

## NOTICE

The confirmation hearing on the 1ST Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date:   May 5, 2021                    Time:   9:30 'AM

Location:   MAX ROSENN FEDERAL
            COURTHOUSE 197 MAIN ST.
            WILKES BARRE PA, 18701

The deadline for filing objections to confirmation of the Plan is: April 28, 2021.

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: March 25, 2021                    Filed by: /s/Bradley Warren Weidenbaum, Esq.

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

TERRY CHARLES POLITO
APRIL CAROLYN POLITO

CHAPTER 13

CASE NO. 5 -bk-20- 2330-RNO

___ ORIGINAL PLAN
1ST AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

___ Number of Motions to Avoid Liens
___ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | Included | ✔ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✔ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✔ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

        1. To date, the Debtor paid $ 2100.00 _____ (enter $0 if no payments have been made to the Trustee to date).  Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 21600.00 _____, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 4/1/2021 | 12/1/2021 | $300.00 | | $300.00 | $2700.00 |
| 1/1/2022 | 12/1/2023 | $450.00 | | $450.00 | $10800.00 |
| 1/1/2024 | 12/1/2024 | $500.00 | | $500.00 | $6000.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 19500.00 |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

        3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

        4. CHECK ONE:  ( ✔ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

                ( ) Debtor is over median income.  Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✔   No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

\_\_\_   Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

      _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions**. *Check one.*

✔   None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

\_\_\_   Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

_____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

 Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC BANK | 2016 RAM 2500 | 2763 |
| M & T BANK | 106 Peggy Lane, Kunkletown, PA 18058 | 2529 |
| JP MORGAN CHASE | 2019 SUBARU IMPREZA LEASE | 6805 |

4

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

____ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

____ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E.** **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F.  **Surrender of Collateral.** *Check one.*

✔   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

____   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim.  The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G.  **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

____ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. <u>Administrative Claims</u>

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ 1500.00 already paid by the Debtor, the amount of $ 2500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✔ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ____ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| | |
| | |

**B.** **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| | |
| | |
| | |

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✔    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

_____    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| | |

Case 5:20-bk-02330-HWV   Doc 40   Filed 03/25/21   Entered 03/25/21 14:59:39   Desc
Main Document     Page 10 of 18

## 4. UNSECURED CLAIMS

### A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

✔ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

✔ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| JP MORGAN CHASE | AUTO | 242.26 | N/A | -0- | N/A | ASSUME |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

6.  **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ___ plan  confirmation.
    ___ entry of discharge.
    _✔_ closing of case.

7. **DISCHARGE: (Check one)**

   (✔)  The debtor will seek a discharge pursuant to § 1328(a).
   (  )  The debtor is not eligible for a discharge because the debtor has previously received a
          discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,
the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____

Level 2: _____

Level 3: _____

Level 4: _____

Level 5: _____

Level 6: _____

Level 7: _____

Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 3/18/2021

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES BARRE DIVISION

IN RE:

TERRY CHARLES POLITO
APRIL CAROLYN POLITO

CASE NO: 5:20-02330

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 3/25/2021, I did cause a copy of the following documents, described below,

NOTICE OF OBJECTIONS AND CONFIRMATION HEARING

1ST AMENDED CHAPTER 13 PLAN

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/25/2021

/s/ Bradley Warren Weidenbaum, Esq.
Bradley Warren Weidenbaum, Esq. 85241
Bradley Warren Weidenbaum - Attorney at Law
PO Box 721
Brodheadsville, PA 18322
570 992 3900

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES BARRE DIVISION

IN RE:

TERRY CHARLES POLITO
APRIL CAROLYN POLITO

CASE NO: 5:20-02330

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 3/25/2021, a copy of the following documents, described below,

NOTICE OF  OBJECTIONS AND CONFIRMATION HEARING

1ST AMENDED CHAPTER 13 PLAN

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/25/2021

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Bradley Warren Weidenbaum, Esq.
Bradley Warren Weidenbaum - Attorney at Law
PO Box 721
Brodheadsville, PA  18322

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO

```
 LABEL MATRIX FOR LOCAL NOTICING       BANK OF AMERICA                    BANK OF AMERICA
03145                                  ATTN BANKRUPTCY                    PO BOX 982238
CASE 5-20-BK-02330-HWV                 4909 SAVARESE CIR                  EL PASO TX 79998-2238
MIDDLE DISTRICT OF PENNSYLVANIA        TAMPA FL 33634-2413
WILKES-BARRE
THU MAR 25 13-59-52 EDT 2021
```

```
BANK OF AMERICA NA                     JPMORGAN CHASE BANK N A            CITIBANK
P O BOX 982284                         BANKRUPTCY MAIL INTAKE TEAM        CITICORP CREDIT SRVSCENTRALIZED BK DEP
EL PASO TX 79998-2284                  700 KANSAS LANE FLOOR 01           PO BOX 790034
                                       MONROE LA 71203-4774               SAINT LOUIS MO 63179-0034
```

```
CITICARDS CBNA                         CONSTAR FINANCIAL SERVICES LLC     CHARLES J DEHART III TRUSTEE
PO BOX 6217                            10400 N 25TH AVE STE 100           8125 ADAMS DRIVE SUITE A
SIOUX FALLS SD 57117-6217              PHOENIX AZ 85021-1610              HUMMELSTOWN PA 17036-8625
```

```
DISCOVER BANK                          DISCOVER FIN SVCS LLC              DISCOVER FINANCIAL
DISCOVER PRODUCTS INC                  PO BOX 15316                       ATTN BANKRUPTCY
PO BOX 3025                            WILMINGTON DE 19850-5316           PO BOX 3025
NEW ALBANY OH 43054-3025                                                  NEW ALBANY OH 43054-3025
```

```
ADAM BRADLEY HALL                      HYUNDAI CAPITAL AMERIC             HYUNDAI LEASE TITLING TRUST
MANLEY DEAS KOCHALSKI                  10550 TALBERT AVE                  PO BOX 20809
PO BOX 165028                          FOUNTAIN VALLEY CA 92708-6032      FOUNTAIN VALLEY CA 92728-0809
COLUMBUS OH 43216-5028
```

```
HYUNDAI MOTOR FINANCE                  JPMORGAN CHASE BANK NA             JPMCB AUTO
ATTN BANKRUPTCY                        NATIONAL BANKRUPTCY DEPARTMENT     PO BOX 901003
PO BOX 20809                           PO BOX 29505 AZ1-5757              FORT WORTH TX 76101-2003
FOUNTAIN VALLEY CA 92728-0809          PHOENIX AZ 85038-9505
```

```
LVNV FUNDING LLC                       MT BANK                            M  T BANK MORTGAGE
RESURGENT CAPITAL SERVICES             LEGAL DOCUMENT PROCESSING          PO BOX 900
PO BOX 10587                           626 COMMERCE DRIVE                 MILLSBORO DE 19966-0900
GREENVILLE SC 29603-0587               AMHERST NY 14228-2307
```

```
                                                                          CM/ECF E-SERVICE

PENNSYLVANIA DEPARTMENT OF REVENUE     PNC BANK RETAIL LENDING            (+) APRIL CAROLYN POLITO
BANKRUPTCY DIVISION                    P O BOX 94982                      106 PEGGY LANE
PO BOX 280946                          CLEVELAND OH 44101-4982            KUNKLETOWN PA 18058-7726
HARRISBURG PA 17128-0946
```

```
CM/ECF E-SERVICE                       CM/ECF E-SERVICE

(+) TERRY CHARLES POLITO               (+) UNITED STATES TRUSTEE          JAMES WARMBRODT
106 PEGGY LANE                         228 WALNUT STREET SUITE 1190       701 MARKET STREET SUITE 5000
KUNKLETOWN PA 18058-7726               HARRISBURG PA 17101-1722           PHILADELPHIA PA 19106-1541
```

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

BRADLEY WARREN WEIDENBAUM
PO BOX 721
BRODHEADSVILLE PA 18322-0721

WELLS FARGO
CREDIT
BUREAU DISPUTE
DES MOINES IA 50301

WELLS FARGO BANK NA
ATTN BANKRUPTCY
1 HOME CAMPUS  MAC X2303-01A
DES MOINES IA 50328-0001

WELLS FARGO BANK NA
WELLS FARGO CARD SERVICES
PO BOX 10438 MAC F8235-02F
DES MOINES IA 50306-0438

ADDRESSES WHERE AN EMAIL IS PRESENT WERE SERVED VIA "CM/ECF E-SERVICE" THROUGH THE UNITED STATES BANKRUPTCY COURT'S
NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101
(Asst. U.S. Trustee)

ustpregion03.ha.ecf@usdoj.gov

Terry Charles Polito
106 Peggy Lane
Kunkletown, PA 18058-7728
(Debtor 1)
represented by:
Bradley Warren Weidenbaum
PO Box 721
Brodheadsville, PA 18322

weidenbaumlaw@gmail.com

April Carolyn Polito
106 Peggy Lane
Kunkletown, PA 18058-7728
(Debtor 2)
represented by:
Bradley Warren Weidenbaum
PO Box 721
Brodheadsville, PA 18322

weidenbaumlaw@gmail.com

(Creditor)
Lakeview Loan Servicing LLC
represented by:
James Warmbrodt
701 Market Street Suite 5000
Philadephia, PA 19106

jwarmbrodt@kmllawgroup.com

Karina Velter
Manley Deas Kochalski, LLC
PO Box 165028
Columbus, OH 43216-5028

amps@manleydeas.com

(Creditor)
JPMorgan Chase Bank, N.A.
represented by:
Adam Bradley Hall
Manley Deas Kochalski
P.O. Box 165028
Columbus, OH 43216-5028

amps@manleydeas.com

(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

dehartstaff@pamd13trustee.com